IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES H. McBRIDE,

    Plaintiff,

v.                                                                                   Civil Action No. 3:09CV716

COMMONWEALTH OF VIRGINIA,

    Defendant.

## MEMORANDUM OPINION

James H. McBride, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed a motion for counsel in an unspecified criminal proceeding in the Circuit Court for Northumberland County (the "Circuit Court"). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This

principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff is a defendant in an unspecified criminal proceeding in the Circuit Court for Northumberland County ("The Circuit Court"). Plaintiff has filed a "Motion for Counsel." Plaintiff claims that his appointed attorney "has been <u>hostile</u> to his defense and complicit with the prosecution, therefore he has been placed under investigation by the Virginia State Bar. For these reasons Mr. McBride filed pro se motions with first the District Court [of Northumberland County] and then the Circuit Court to have his Court appointed attorney remove[d] and another attorney appointed. The Commonwealth Attorney has blocked his motions and barred the respective clerks from placing his motions on the docket." (Compl. 1-2.) Plaintiff claims that his Sixth Amendment rights have been violated. Plaintiff asks the Court to order the Circuit Court to appoint different counsel.

## Analysis

The Court cannot hear Plaintiff's claim due to the *Younger* abstention doctrine.¹ The *Younger* abstention doctrine and its concomitant policy of comity requires federal courts "to refrain from adjudicating the merits of federal constitutional claims in an underlying state criminal action," as "adjudicating such claims needlessly injects federal courts into ongoing state criminal prosecutions, undermines the state's ability to enforce its laws, and does not show 'a proper respect for state functions.'" *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (*quoting Younger*, 401 U.S. at 44.) Even where a federal court has jurisdiction to reach the merits of a plaintiff's claim, the United States Court of Appeals for the Fourth Circuit has admonished that federal courts should abstain from interfering in the state proceeding "if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Id.* (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)).

All three of the circumstances identified in the *Nivens* inquiry are present here. First, Plaintiff requests that the Court interfere with a state proceeding instituted before the current action. *Id.* at 154. Second, Virginia has "a very important, substantial, and vital interest in preventing violations of its criminal laws" through criminal prosecutions in its own courts. *Id.* (citations omitted). Third, if Plaintiff is eventually convicted, through the appellate and postconviction review processes "he will then have the opportunity in the state courts to present any claim that his conviction resulted from a deprivation of his constitutional rights. If such state remedies are exhausted unsuccessfully [P]laintiff may then be able to seek relief in federal court." *Roberts v. Childs*, 956 F. Supp. 923, 925 (D. Kan. 1997); *see also Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (declining to exercise jurisdiction over civil rights suit because a plaintiff "can adequately litigate in the ongoing state criminal proceedings his underlying claim of unconstitutional deprivation of counsel"). Here, "the comity concerns of [*Younger*] and its progeny require abstention" because "granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989) (*citing Mann* as an example). Moreover, Plaintiff has demonstrated no extraordinary circumstances that would warrant the Court exercising its discretion to disregard the Younger abstention doctrine. *Nivens*, 319 F.3d at 154 (citing Supreme Court cases discussing exceptional circumstances). For

---

¹ In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the United States Supreme Court held that a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation when an injunction is necessary to prevent great and immediate irreparable injury.

3

these reasons, it is RECOMMENDED that Plaintiff's Motion to Appoint Counsel (Docket No. 1) be DENIED.

(Report and Recommendation entered on June 25, 2010.) The Court advised McBride that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. McBride submitted an amended motion which supplanted the first.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. McBRIDE'S AMENDED PETITION FOR COUNSEL

In McBride's Amended Petition for Counsel, McBride does not address any of the issues raised in the Magistrate Judge's Report and Recommendation. Instead, he repeats his prayer that this Court will "caus[e] the Circuit Court of Northumberland County Virginia to appoint [him] counsel." (Am. Pet. for Counsel 1.) McBride then indexes the twenty-three attachments which he alleges "clearly establish [his] Court appointed attorney's infidelity to [McBride], there-by

4

rendering him unfit, inefficacious and incapable of representing [McBride]." (Am. Pet. for Counsel 1.) McBride closes his Amended Petition for Counsel by documenting the Commonwealth of Virginia's alleged "storied history of human rights violations and . . . obtrusive disrespect and disregard for the United States Constitution." (Am. Pet. for Counsel 4.)

## IV. CONCLUSION

The Court finds that McBride has not lodged any objections with the Magistrate Judge's Report and Recommendation and has not identified any relevant law which would permit this Court to intervene in a state matter. The Court will ACCEPT AND ADOPT the Magistrate Judge's Report and Recommendation, DENY McBride's Motion for Counsel, and DISMISS the action. The Clerk will be DIRECTED to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

Date: 12-30-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge